```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JIMMY DERAND HATTEN,

           Plaintiff,

vs.                         Case No.  2:05-cv-6-FtM-99DNF

PRISON HEALTH SERVICES; LEE COUNTY
SHERIFF'S OFFICE; BILLY O'DRAIN,
M.D.; CAPTAIN ELLEGOOD; ROD SHOAP,
SHERIFF; KARREN LUCY, R.N.; DR.
NICHOLAS; DR. BROWN,

           Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court upon review of Defendants' Amended Motion to Dismiss and to Strike (Doc. #40) ("Defendants' Motion") filed on behalf of the Lee County Sheriff's Office, Captain Ellegood, and Rod Shoap on February 10, 2006. On May 8, 2006, Plaintiff filed a Response to Defendants' Motion (Doc. #46). This matter is now ripe for review.

**I.**

*Pro se* Plaintiff filed a civil rights Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983 while Plaintiff was confined at the Lee County Jail.[1] Plaintiff states that he was booked at the Lee County Jail on March 30, 2004.  (Id.)  Upon booking, Plaintiff informed the jail's medical staff that he had human

---

[1]Plaintiff is currently incarcerated at Washington Correctional Institute.

immunodeficiency virus ("HIV") and that he took HIV medications. Additionally, Plaintiff provided the medical staff the contact information for his primary doctors. (Doc. #1 at 9.) Plaintiff acknowledges that he was "placed immediately on the medical floor", but failed to receive his HIV medication for over two weeks. (Id.) The grievance and medical request forms submitted by Plaintiff indicate that Plaintiff did not receive his HIV medications for over 28 days. (Doc. #46-2 at 4, 8, 22, 24.) Plaintiff alleges that he "broke out with facial swelling, fever bleeding, . . . infection . . . [and] breathing problems" because he did not receive the medicine. (Id.) Additionally, according to the Complaint, two individuals outside of the jail, Corrine Hatten and Jimmy Lee[2], contacted Prison Health Services on Plaintiff's behalf to inform them that Plaintiff was not receiving his HIV medicine (Id.; See also Inmate Medical Request Form at Doc. #46-2, p. 24.) Plaintiff received a "sick call date" and was scheduled to see a doctor on May 5, 2004, and again on May 10, 2004; however, both times Plaintiff states that he did not see a doctor.[3] On May 11, 2004, Plaintiff saw a doctor and was prescribed an antibiotic and

---

[2]The Complaint refers to a "Jimmy Lee" who called Prison Health Services; however, the Inmate Medical Request Form refers to a "Jimmy Miles" who called Prison Health Services. Nevertheless, it appears that two individuals, in addition to Plaintiff, contacted the jail's medical department regarding Plaintiff's HIV medicine.

[3]Based on the Complaint, it is entirely unclear why Plaintiff did not see a doctor.

pain medication. Nevertheless, Plaintiff alleges that he still did not receive all of his medication. (Id. at 9-10.)

As relief, Plaintiff requests "compensation for his mental anguish, physical damages, and punitive damages." Additionally, Plaintiff requests that the Court appoint an "outside contractor to supervise and document treatment of all inmates under [their] care to keep this from happening to someone else." (Id. at 10.)

Defendants the Lee County Sheriff's Office, Captain Ellegood, and Rod Shoap seek dismissal of Plaintiff's Complaint on the following grounds: (1) Defendants cannot be held liable on a theory of *respondent superior* under 42 U.S.C. § 1983; (2) Defendants are protected by qualified immunity; (3) Plaintiff failed to exhaust his available administrative remedies; and (4) the Complaint fails to state an Eighth Amendment claim. For the reasons set forth herein, the Court will grant Defendants' Motion.

## II.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014,

1022 (11th Cir. 2001)(en banc). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004).

Dismissal is warranted however if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16. Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

**III.**

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants

deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, Plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a § 1983 action. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-692 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).

### A.  Lee County Sheriff's Office

The Lee County Sheriff's Office ("LCSO") moves to dismiss Plaintiff's Complaint on the basis that the LCSO is not *sui juris*. The Court agrees that the LCSO is not a legal entity, therefore it is not capable of being sued. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). Sheriff departments and police departments are not considered legal entities subject to suit. Id. Rather, the "capacity to sue or be sued shall be determined by the law of the state in which the district court sits." Fed. R. Civ. P. 17(b). To the extent that a plaintiff seeks to assess liability against a

governmental entity in Florida, he is required to bring an action against the individual who holds the office responsible for the individual's alleged wrong doing.  Here, Plaintiff should have brought his action against Rod Shoap (the former Sheriff of Lee County) in his official capacity, not the Lee County Sheriff's Office.  Art. VIII, § 1(d), Fla. Const. (The Sheriff is the constitutional officer elected by the people).  Consequently, Plaintiff's Complaint fails to state a claim upon which relief can be granted as to the LCSO and will be dismissed without prejudice.

### B.  Rod Shoap, Captain Ellegood

The Complaint fails to contain any allegations that Defendants Shoap and Captain Ellegood directly participated in the alleged constitutional deprivation.  Rather, it appears that Plaintiff attributes liability against the Shoap and Ellegood individually on the basis that Plaintiff addressed grievance forms to Defendants Shoap and Ellegood in which Plaintiff complained about the alleged incident.  A supervisory position, without more, does not subject a defendanat to liability. Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690-692 (1978); McDowell v. Brown, 392 F.3d 1283 (11th Cir. 2004); LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993), cert. denied, 510 U.S. 1164, 114 S. Ct. 1189 (1994). Consequently, Plaintiff's claim that any of Defendants improperly denied his grievances, or failed to adequately address his grievance, fails to state a § 1983 claim.  "[F]iling a grievance with a supervisory person does not alone make the supervisor liable

for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied." Haverty v. Crosby, No. 1:05-CV-00133, 2006 WL 839157, *5 (N.D. Fla. Mar. 28, 2006)(citations omitted).  To impute a supervisor with knowledge, the knowledge "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights."  Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1542 (11th Cir. 1994).  Plaintiff's Complaint does not contain any allegations of a policy, custom or practice that was the "moving force" behind the alleged misconduct so as to render the Sheriff liable in his official capacity.  Board of County Comm'rs v. Brown, 117 S. Ct. 1382, 1388 (1997); McDowell v. Brown, 392 F.3d 1283 (11th Cir. 2004); see also Jones v. Cannon, 174 F.3d 1271, 1292 (11th Cir. 1999), Tennant v. State, 111 F. Supp. 2d 1326 (S.D. Fla. 2000).   Consequently, because the Complaint has failed to state a cognizable claim upon which relief can be granted as to Defendants Shoap and Ellegood, these Defendants will be dismissed without prejudice.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendants' Amended Motion to Dismiss and to Strike (Doc. #40) filed on behalf of Lee County Sheriff's Office, Captain Ellegood, Rod Shoap is **GRANTED**, and Plaintiff's Complaint is dismissed without prejudice as to these defendants.

2. The **Clerk of Court** shall: (1) correct the case caption to reflect the dismissal of Defendants Lee County Sheriff's Office, Shoap, and Ellegood; and (2) enter judgment as to Defendants Lee County Sheriff's Office, Shoap, and Ellegood.

**DONE AND ORDERED** in Fort Myers, Florida, on this __31st__ day of August, 2006.

JOHN E. STEELE
United States District Judge

SA:   alj
Copies: All Parties of Record