UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JIMMY DERAND HATTEN,

        Plaintiff,

vs.                                    Case No.  2:05-cv-6-FtM-99DNF

PRISON HEALTH SERVICES; LEE COUNTY
SHERIFF'S OFFICE; BILLY O'DRAIN,
M.D.; CAPTAIN ELLEGOOD; ROD SHOAP,
SHERIFF; KARREN LUCY, R.N.; DR.
NICHOLAS; DR. BROWN,

        Defendants.

_____

### OPINION AND ORDER

This matter comes before the Court upon review of Defendants' Motion to Dismiss (Doc. #41-1) filed on February 13, 2006, on behalf of Prison Health Services and Billie O'Drain. Defendants attach a portion of Plaintiff's medical file and a copy of the purported Lee County Jail Grievance Procedures currently in place. Consequently, the Court construes Defendants' Motion as a Motion for Summary Judgment. (Doc. #45.) On May 8, 2006, Plaintiff filed a Response to Defendants' Motion, attaching copies of various grievance forms. (Doc. #46.) This matter is now ripe for review.

### I.

*Pro se* Plaintiff filed a civil rights Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983 while Plaintiff was confined at the Lee County Jail.[1] Plaintiff states that he was booked at the Lee

_____

[1]Plaintiff is currently incarcerated at Washington Correctional
(continued...)

County Jail on March 30, 2004. (Id.) At the time of booking, Plaintiff informed the jail's medical staff that he had human immunodeficiency virus ("HIV") and that he took HIV medications. Additionally, Plaintiff provided the medical staff the contact information for his primary doctors. (Doc. #1 at 9.) Plaintiff acknowledges that he was "placed immediately on the medical floor", but failed to receive his HIV medication for over two weeks. (Id.) The grievance and medical request forms submitted by Plaintiff indicate that Plaintiff did not receive his HIV medications for over twenty-eight days. (Doc. #46-2 at 4, 8, 22, 24.) Plaintiff alleges that he "broke out with facial swelling, fever bleeding, . . . infection . . . [and] breathing problems" because he did not receive his prescribed HIV medicine. (Id.) Additionally, according to the Complaint, two individuals outside of the jail, Corrine Hatten and Jimmy Lee,[2] contacted Prison Health Services on Plaintiff's behalf to inform medical officials that Plaintiff was not receiving his HIV medicine (Id.; See also Inmate Medical Request Form at Doc. #46-2 at 24.) Plaintiff received a "sick call date" and was scheduled to see a doctor on May 5, 2004, and again on May 10, 2004; however, both times Plaintiff states that he did

_____

[1](...continued)
Institute.

[2]The Complaint refers to a "Jimmy Lee" who called Prison Health Services; however, the Inmate Medical Request Form refers to a "Jimmy Miles" who called Prison Health Services. Nevertheless, it appears that two individuals, in addition to Plaintiff, contacted the jail's medical department regarding Plaintiff's HIV medicine.

not see a doctor.[3]  On May 11, 2004, Plaintiff saw an unidentified medical staff person and was prescribed an antibiotic and pain medication.  Nevertheless, Plaintiff alleges that he still did not receive all of his medication.  (Id. at 9-10.)

As relief, Plaintiff requests "compensation for his mental anguish, physical damages, and punitive damages."  Additionally, Plaintiff requests that the Court appoint an "outside contractor to supervise and document treatment of all inmates under [their] care to keep this from happening to someone else." (Id. at 10.)

Plaintiff names the following Defendants: Prison Health Services; the Lee County Sheriff's Office; Billie O'Drain;  Captain Ellegood; Rod Shoap; Karen Lucy, R.N.; Dr. Nicholas; and Dr. Brown. The Court directed the U.S. Marshals to serve Defendants.  (Doc. #13.)  However, service of process has not been effectuated on Defendants Karen Lucy, Dr. Nicholas, or Dr. Brown.  (Docs. #32, #38, #44.)  On August 31, 2006, the Court dismissed Plaintiff's Complaint without prejudice against the following Defendants: the Lee County Sheriff's Office, Shoap, and Ellegood.  (Doc. # 51.)

## II.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is "genuine" if there is

---

[3]Based on the record, it is entirely unclear why Plaintiff did not see a doctor.

sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). In ruling on a motion for summary judgment, if there is a conflict in the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party. Shotz v. City of Plantation, 344 F.3d 1161, 1164 (11th Cir. 2003). In the summary judgment context, the Court must construe *pro se* pleadings more liberally than those of a party represented

by an attorney.  Loren v. Sasser, 309 F.3d 1296, 1301 (11th Cir. 2002).

On February 13, 2006, Defendants Prison Health Services ("PHS") and Billie O'Drain (collectively "Defendants") filed their Motion for Summary Judgment.  In their Motion, Defendants raise the following grounds: (1) Plaintiff failed to exhaust his administrative remedies; (2) the Complaint does not state a claim amounting to constitutional violation; and (3) Plaintiff did not comply with Florida's Medical Negligence statute.  Additionally, Defendants argue that the Court should dismiss PHS because the Complaint fails to allege that PHS was engaged in a custom, policy, or practice.

## III.

With regard to the exhaustion claim, Defendants argue that Plaintiff has failed to demonstrate exhaustion because Plaintiff failed to attach any grievances to the Complaint, did not describe the outcome of any administrative proceeding, and did not attach evidence of appealing any administrative decisions. (Doc. # 41-1 at 7.)  Plaintiff, in his Response, attaches numerous medical requests and grievance forms.[4] (Doc. #46-2 at 1-24.)  Based upon the record, the Court finds that Plaintiff did fully exhaust his available administrative remedies.

---

[4]The first documented medical request form is dated April 1, 2004, and indicates that Plaintiff is having skin problems and needs to see a doctor. (Id. at 17.)

Defendants attach to their Motion a copy of the Lee County Jail's Inmate Grievance Procedures. (See Doc. #41-4 at 1-3.) It is not clear whether the attached procedures are applicable to grievances pertaining to medical issues. It appears that Plaintiff's medical grievances were handled in a manner not addressed in Defendants' attachment since all of the grievances were forwarded to the medical department, specifically Defendant O'Drain.

Plaintiff submits the following grievances to demonstrate exhaustion: (1) a grievance dated April 25, 2004 addressed to the facility commander, which was responded to on April 30, 2004; (2) an undated grievance, which was responded to on April 26, 2004;[5] (3) three separate grievances dated April 28, 2004, addressed to Captain Ellegood, Sheriff Shoap, and Defendant O'Drain, respectively, which were all referred to O'Drain; and (4) a May 5, 2004, grievance to Sheriff Shoap titled "Informal and Final Grievance" complaining that Plaintiff was scheduled for a sick call, but still had not been seen by anyone and further stated that

---

[5]Thereafter, Plaintiff filed a Medical Emergency, indicating that his "face is still bleeding and . . . neck is swollen and it hurt[s] for me to breathe . . . ." (Id. at 8.) The response dated April 27, 2004, signed by Defendant O'Drain, indicated that Plaintiff received a prescription cream for his face and with regard to the HIV medication "You [Plaintiff] are non complaint in your medical regimen. The CDC recommends that jails do not start inmates on medication until compliance is assured. We will monitor your condition and proper treatment order [sic]." (Id. at 8.)

his complaints have been ignored and his rights to medical treatment have been violated. (Doc. #46-2 at 1, 4, 6, 20.)

These grievances pertain to Plaintiff's medical condition, state that Plaintiff has not been receiving his medication, and inform jail officials that he was not seen by the medical department, in spite of being scheduled through sick call. All of the grievances were forwarded to the medical department and were responded to by Defendant O'Drain.

The Court finds that the grievances contain sufficient information to apprise medical officials of an alleged Constitutional deprivation, afforded the officials an opportunity to investigate Plaintiff's claim, and put the medical officials on notice that Plaintiff was considering a claim against them in connection with the alleged denial of medical care. For these reasons, the Court finds that Plaintiff has fully exhausted what appear to be his available administrative grievance procedures at the Lee County Jail. Thus, the Court will next address the merits of Plaintiff's Complaint. Boxer v. Harris, 437 F.3d 1107 (11th Cir. 2006).

## IV.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants deprived him of a right secured under the United States

Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, Plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a § 1983 action. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-692 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).

"Deliberate indifference to [the] serious medical needs of [a] prisoner [ ] constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment."[6] Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)(quoting Estelle v. Gamble, 429

---

[6]The Complaint does not indicate whether Plaintiff was a pre-trial detainee. Even if Plaintiff was a detainee, his rights arise from the Fourteenth Amendment, but the case law developed with regard to the Eighth Amendment prohibitions against cruel and unusual punishment is analogous. Cook *ex. rel* Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1115 (11th Cir. 1985); See also Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir. 1985) ("In regard to providing pretrial detainees with such basic necessities as food, living space, and medical care, the minimum standard allowed by the due process clause is the same as that allowed by the Eighth Amendment for convicted persons.").

U.S. 97 (1976)); Campbell v. Sikes, 169 F.3d 1353 (11th Cir. 1999).
Medical treatment violates the Eighth Amendment only when it is so
grossly incompetent, inadequate, or excessive as to shock the
conscience or to be intolerable to fundamental fairness. Harris v.
Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). To establish his
Eighth Amendment claim, a plaintiff must prove both an objective
and a subjective component. Farrow, 320 F.3d at 1243. To
establish an objectively serious deprivation of medical care, a
prisoner must establish: (1) an objectively serious medical need,
and (2) that the response made to the need was poor enough to
constitute an unnecessary and wanton infliction of pain, and not
merely accidental inadequacy, negligence in diagnosis or treatment,
or medical malpractice. Taylor v. Adams, 221 F.3d 1254, 1258 (11th
Cir. 2000).

A "serious medical need" is one that has been diagnosed by a
physician as mandating treatment or one that is so obvious that
even a lay person would easily recognize the necessity for a
doctor's attention, and, in either case, must be one that if left
unattended poses a substantial risk of serious harm. Kelley v.
Hicks, 400 F.3d 1282, 1284 n.3 (11th Cir. 2005); Brown, 387 F.3d at
1351; Farrow, 320 F.3d at 1243. Deliberate indifference to a
prisoner's future health can constitute an Eighth Amendment
violation. Kelley, 400 F.3d at 1284; Powell v. Lennon, 914 F.2d
1459, 1464 n.10 (11th Cir. 1990).

To show the required subjective intent, a plaintiff must prove defendant acted with "deliberate indifference" by showing: (1) subjective knowledge of a risk of serious harm (i.e., both awareness of facts from which the inference could be drawn that a substantial risk of serious harm exists and the actual drawing of the inference); (2) disregard of that risk; and (3) by conduct that is more than gross negligence. Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005). Inadvertent, negligent, or even gross negligent failure to provide adequate medical care does not rise to a constitutional violation. Farrow, 320 F.3d at 1243. Deliberate indifference, however, may also be established by showing a decision to take an easier but less efficacious course of treatment, or by medical care which is so cursory as to amount to no treatment at all. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999); Adams, 61 F.3d at 1544.

Delay of treatment for serious conditions can rise to the level of deliberate indifference where it is apparent that delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified. Taylor, 221 F.3d at 1259-60 (citing Hill v. Dekalb Reg'l Youth Ct., 40 F.3d 1176, 1187 (11th Cir. 1994)); Lancaster, 116 F.3d at 1425. Whether the delay was tolerable depends on the nature of the medical need and the reason for the delay. Farrow, 320 F.3d at 1247. A constitutional claim can exist

for delayed treatment of a condition that does not require immediate attention. <u>Farrow</u>, 320 F.3d at 1247.

The constitutional right to medical care may include diagnostic tests known to be necessary, not just medicinal and surgical care. <u>Harris v. Coweta County</u>, 21 F.3d 388 (11th Cir. 1994). Plaintiff can show an Eighth Amendment violation, even if a cure is not possible, if certain treatments eliminate pain and suffering at least temporarily. <u>Washington v. Dugger</u>, 860 F.2d 1018, 1021 (11th Cir. 1988). However, where a prisoner receives adequate medical care but desires to receive a different mode of treatment, the care provided does not amount to deliberate indifference. <u>Hamm v. DeKalb</u>, 774 F.2d 1567, 1575 (11th Cir. 1985). Whether a defendant should have used additional or different diagnostic techniques or forms of treatment "is a classic example of a matter for medical judgment and therefore not an appropriate basis for liability under the Eighth Amendment." <u>Adams v. Poag</u>, 61 F.3d 1537, 1545 (11th Cir. 1995).

## A. **Respondeat Superior**

Defendants argue that Prison Health Services should be dismissed because a private corporation is not liable under 42 U.S.C. § 1983 unless the Plaintiff establishes that the alleged constitutional deprivation occurred because of a corporation's custom, policy, or practice. Defendants further contend that PHS cannot be held vicariously liable based on *respondeat superior* for

the alleged actions of Defendant O'Drain.  The Court agrees.  As previously stated, § 1983 claims predicated on *respondeat superior* theories have been uniformly rejected.  <u>Monell</u>, 436 U.S. 658, 690-692; <u>LaMarca</u>, 995 F.2d 1526, 1538 (11th Cir. 1993), <u>cert</u>. <u>denied</u>, 510 U.S. 1164 (1994).  Nor does Plaintiff's Complaint contain any allegations of a policy, custom or practice that was the "moving force" behind Defendant O'Drain's alleged misconduct.  <u>Board of County Commissioners v. Brown</u>, 117 S.Ct. 1382, 1388 (1997), <u>see also</u> <u>Jones v. Cannon</u>, 174 F.3d 1271, 1292 (11th Cir. 1999), <u>Tennant v. State</u>,111 F.Supp.2d 1326 (S.D.Fla. 2000).  The evidence submitted by Plaintiff also fails to establish any policy, custom, or practice.  Consequently, the Court finds Plaintiff's Complaint and evidence fail to state a constitutional claim against PHS.

**B.  Eighth Amendment**

Additionally, Defendants argue that Plaintiff's Eighth Amendment rights were not violated.  Defendants contend that Plaintiff was provided with the necessary medical care for his facial swelling and skin problem, as evidenced by the documents attached to Defendants' Motion. (Doc. #41-1 at 4-5.)  The Court disagrees.  Plaintiff's Eighth Amendment claim stems from the alleged complete cessation of Plaintiff's HIV medication for a period of time lasting at least fourteen days or at most twenty-eight days.  The health problems that Defendants contend they treated, including facial swelling and skin problems, were the

result of the cessation of the HIV medicine.  The documents do not negate the underlying claim.

The Eleventh Circuit has found that the HIV virus constitutes a "serious medical need."  <u>Brown v. Johnson</u>, 387 F.3d 1344, 1351 (11th Cir. 2004).  Consequently, Plaintiff has demonstrated that he has a serious medical need.  The Court must next determine whether, based upon the record before it, there is a genuine issue of material fact as to whether Defendant O'Drain exhibited deliberate indifference to Plaintiff's medical needs.

First, Defendant O'Drain was aware that Plaintiff had HIV as evidenced by the PHS' initial medical screen and PHS' placement of Plaintiff on the jail's medical floor. (<u>See</u> Doc. #41-3 at 2.)  The record further demonstrates that Plaintiff filed numerous grievances and medical request forms, indicating that Plaintiff's physical condition was deteriorating due to the denial of his HIV medication.  Defendant O'Drain responded to these medical request and grievance forms, yet Plaintiff alleges that he still did not receive his HIV medicine.  Further, two non-incarcerated individuals telephoned medical officials on behalf of Plaintiff complaining that Plaintiff was not receiving his HIV medicine. Thus, Defendant O'Drain was aware that Plaintiff had HIV and was allegedly not receiving his medications.

The medical records, attached by Defendants, indicate that Plaintiff refused to go to the medical department on March 31, 2004.  (Doc. #41-3 at 4.)  The records further indicate that

-13-

Plaintiff was seen by medical officials on four occasions in the month of April, 2004, but not seen by officials on two occasions in May, 2004, and not seen at that time he complained of health problems, including facial swelling, breathing problems, fever, bleeding, and infection, resulting from the denial of his HIV medicine.  (Docs. #41-3 at 6 and #46-2 at 18.)  Although it is clear from the medical records that PHS prescribed certain medications, such as cortisone creme for his face, the records do not establish whether any of the prescribed medicines included medicine for Plaintiff's HIV.  Defendants do not directly address whether Plaintiff received his HIV medicine, and in fact suggest that Plaintiff was not receiving his HIV medicine.  In April 2004, Dr. O'Drain conceded that Plaintiff did not receive his HIV medicine because he was "non-complaint in [his] medical regimen .

. . ."  In Brown, the Eleventh Circuit found that a complete withdrawal of treatment for the Plaintiff's HIV constituted deliberate indifference.  Id. at 1351.  Consequently, after reviewing the record, the Court finds that issues of material fact remain at this stage of the proceedings that preclude the granting of summary judgment for Defendant Dr. O'Drain.

**C.  Florida's Medical Negligence Act**

Finally, it is clear that § 1983 provides a vehicle to vindicate federal rights.  Here Plaintiff is claiming Eighth Amendment violations, not a state medical tort action.  Thus,

Florida's Medical Negligence Act is not a valid defense to a § 1983 claim and Plaintiff need not have complied with its procedures.

**V.**

Because service of process has not been effectuated on Defendants Karen Lucy, Dr. Nicholas, and Dr. Brown, the Court will not address Plaintiff's Complaint as to these Defendants. If Plaintiff wishes to pursue litigation against Defendants Lucy, Nicholas, and Brown, Plaintiff must endeavor to find the correct address(es) for them and complete new USM-285 Forms for the U.S. Marshal's Office to attempt service at the new address(es).

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. #41-1) filed on behalf of Prison Health Services and Billie O'Drain is granted in part and denied in part as follows:

A. Defendants' Motion to Dismiss is **GRANTED** with respect to Defendant Prison Health Services and Prison Health Services is dismissed without prejudice.

B. Defendants' Motion to Dismiss is **DENIED** with respect to Defendant O'Drain. Defendant O'Drain shall file an answer within **TWENTY (20) DAYS** of the date on this Order.

2. The **Clerk of Court** shall: (1) correct the case caption to reflect the dismissal of Defendant Prison Health Services; (2) enter judgment as to Defendant Prison Health Services; (3)

-15-

terminate Defendants' Motion to Dismiss (Doc. #41-1); and (4) provide Plaintiff three new USM-285 Forms for Defendants Lucy, Nicholas, and Brown.

3. Plaintiff shall complete the requisite service of process forms, including the correct address(es) for Defendants Lucy, Nicholas, and Brown, and return the completed forms to the Court within **TEN (10) DAYS** of the date on this Order.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___13th___ day of September, 2006.

JOHN E. STEELE
United States District Judge

SA:  alj
Copies: All Parties of Record